DeRoyale A. Johnson
Salt lake co. Jail
3415 So. 900 W.
Salt lake City UT 84119

FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

JUL 18 2011

D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

RECEIVED CLERK
JUL 0 8 2011
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| DEROYALE ARDEANE JOHNSON<br>Plaintiff,<br><br>V.<br><br>DR. TUBBS individual capasity,<br>DR. GARDEN R. individual capasity,<br>P.A. JEFFRIES individual capasity,<br>Defendant(s). | Case: 2:11cv00641<br>Assigned To : Benson, Dee<br>Assign. Date : 7/8/2011<br>Description: Johnson v. Tubbs et al<br><br>CIVIL RIGHTS COMPLAINT AND<br>DEMAND FOR JURY TRIAL |

## JURISDICTION

1. DeRoyale ArDeane Johnson, is a citizen of UTAH, who presently resides at the Salt lake co. Jail 3415 So. 900 W. Salt lake City, UT. 84119

2. Defendant Dr Tubbs, is a citizen of Utah and is employed as a physician at the Utah State prison for the Utah Department of Corrections. At the time the claim(s) alleged in the complaint arose, this defendant was acting under color of state law, in that he is the physician at the Utah state prison for the Department of correction, and is directly responsible for the wrongful action alleged herein.

3. Defendant P.A. Jeffries is a citizen of Utah and is employed as a physician assistant at the Utah state prison for the Department of Correction. At the time the claim(s) alleged in the complaint arose,

(1)

this defendant was acting under color of the state law in that he is the physician assistant at the Utah state prison for the Utah Department of corrections, and is directly responsible for the wrongful actions alleged herein

4. Defendant Dr. Garden, is a citizen of Utah and is employed as the Director of the medical department at the time the claim(s) alleged in this complaint arose, this defendant was acting under color of state law in that he is the Director of the medical department for the Utah Department of Corrections, and is directly responsible for the wrongful actions alleged herein

5. Jurisdiction is invoked pursuant to 28 U.S.C. Sec. 1343(3) 42 U.S.C. 1983.

## B. NATURE OF CASE

1. Defendant Dr Garden, is the head of the medical review board, and is in charge of the medical dept. When the defendant became aware of the Plaintiff compaint that the medical department was deliberately and intentionaly denied him medication and medical treatment the defendant acted with deliberate indifference by failure to act to Remedy a wrong, interfearing with access to treatment, and making medical decision based on non-medical factors, which caused, unneccessary and wanton infliction of pain that violates the Eighth Amendment Right

2. Defendant P.A. Jeffries, was resposible for triaging the health care request forms (HCR). Defendand violated policy and procedures set forth by the medical department in FDr 18 Sick call procedures, which state sick-call form will be triaged in 24 hours and scheduled and resolved in 7 days, by not doing so the defendent acted with deliberate indifference by Delaying treatment, and interfearing with access to treatment, which caused unneccessary and wanton infliction of pain that violates the Eighth Amendment Right

3. Defendant Dr. Tubbs, had been made aware of the Plaintiffs medical condition of a Hernia when the Plaintiff was incarcerated at the Utah state prison. The defendant was treating the plaintiff for the symptom of a Hyanal Hernia **HOWEVER** the defendant showed deliberate indifference by failing to investigate enough to make an informed Judgment, and interfearing with acess to treatment which caused unneccessary and wanton infliction of pain that violates the Eighth Amendment Right.

(3)

## C. CAUSE OF ACTION

1. Count I: Defendant Dr Garden, is the head Doctor who is in charge of the medical review Board, where the Doctors, and the physician assistance come together to discuss prisoner's medical condition to decide what kind of treatment prisoner's may receive from the medical department, so when the denfendant became aware of the plaintiff's complaint that the medical department was deliberately and intentionaly denied the Plaintiff medical treatment and medication. The defendant showed deliberate indifference by not acting to remedy a wrong, interfearing with access to treatment, and making medical descisions based on non-medical factor which caused unneccessary and wanton infliction of pain and violate the Eighth Amendment right. ~~Plaintiff States the Following in support~~

2. The medical department medical review board came to the decision the Plaintiff medical condition of a hernia was not severe anough for the Plaintiff to be seen by a specialist instead the Doctor were instructed to treat the plaintiff for a Hyanal Hernia which involved giving the plaintiff prilosec, and cinaminadine for acid reflux HOWEVER the defendant had the Authority to act to remedy a wrong because as Director of the medical department the Defendant could have order the plaintiff to receive a altrasand to determine the nature of the plaintiff's Hernia, by not allowing the Plaintiff to be seen by a specialist the defendent interfeared with the Plaintiff access to treatment because the defendents decision was not based on the plaintiffs medical condition.

(4)

The defendant decision was base on non-medical factor in how much it would cost and by doing, so the defendant demonstrated deliberate indifference to the plaintiffs serious medical needs which caused, unneccessary and wanton infliction of pain.

3. The defendant Dr. Garden is in charged of the medical dep't which the plaintiff also contents that the medical department deliberately and intentionaly denied him medication which caused, unneccessary and wanton infliction of pain.

4. On may 2, 2007 the Plaintiff Johnson housing assignment change and at which time the Plaintiffs medication Gabapentine was confiscated and returned to the medical dep't to be dispensed at Pill-line in the Oquirrh one facility. The Plaintiff went to the Oquirrh one P.M. Pill-line to inform the med-tech that he had been moved from another facility and he need his medication transfered to the Oquirrh one facility medication pill-line. HOWEVER on may 3, 2007 Plaintiff was informed that the medication of gabapentine could not be found and the Plaintiff would have to wait until the pharmacy dispenced a refill blister packet, which in trune caused unneccessary and wanton infliction of pain.

6. The Plaintiff waited appoximatly six day until the refill blister packet was dispenced by the pharmacy dept HOWEVER by policy and procedur the med-tech was suppose to go to the supperviser of nursing and have medication pulled for the plaintiffs because the Plaintiffs medication had come up missing during the transfer of the Plaintiffs medication HOWEVER by not doing so this caused unneccessary and wanton infliction of pain and violates the Eighth Amendment.

(5)

6. On or about May 8, 2007 Plaintiff starts to receive the medication once again but on May 15, 2007 Plaintiffs medication expaired early which the Plaintiff had to go without medication for appoximately two day before receiving a new Blister packe of medication on or about may 25, 2007 However Plaintiff was due to run out of medication early but the pharmacy issued the Plaintiffs blister packet early on may 25, 2007 because the next blister packet was due to come out on a Sunday may 27, 2007. On or about June 3, 2007 the medication ran out early and Plaintiff went appoximately five days and it was at this time the plaintiff filed a grievance on the medical department because Plaintiff contends that the medication is prescribed to him and he is at the mercy of the medical department and medical personnel is to make sure the medication is available to the plaintiff, by not doing so this caused unneccessary and wanton infliction of pain

7. Defendant Dr. Garden became aware of the Plaintiff was not receiving the medication when he meets with the medical review board once a week and through the grievance process. The Defendant acted with a Culpable state of mind and deliberate indifference to the Plaintiffs medical needs and by the defendant not acting to Remedy the wrong, this caused Plaintiff unneccessary and wanton infliction of pain.

1. Count II: Defendant P.A. Jeffries was the medical personnel who improperly triaged the plaintiffs Health care form (Hcr) and violated medical policy and procedure medical custody interface FDr 18 Sick-Call procedures, which state Health care request form will be triaged in 24hour and scheduled and resolved in seven days. The defendant acted with deliberate indifference by Delaying treatment and interfearing with Access which caused unneccessary and wanton infliction of pain that violates the Eighth Amendment Right.

(6)

<u>PlaintiFF States the following in support:</u>

2. Plaintiff had to submit multiple Health care request form to be seen for a medical problem. The first health care request form was submitted on May 10, 2007 and after 13 days had passed the Plaintiff submitted another health care request for on May 23, 2007 and after 8 days had pass the plaintiff submitted another health care request form on May 31, 2007 at which time the Plaintiff was seen on May 31, 2007 <u>However</u> it took the plaintiff three Health care request forms before P.A. Jeffries, scheduled the Plaintiff to be seen by a Doctor or physician assistant. The Defendant Jeffries demonstrated deliberate indifference to the Plaintiffs medical needs that caused a delay in treatment and interfear with the Plaintiff access to treatment, which caused unneccessary wanton infliction pain that violates the Eighth Amendment Right.

3. On or about June 19 2007, Plaintiff submitted a health care request form which stated that the Plaintiffs Hernia was causing severe pain when he sat down, and stood up. The Plaintiff was requesting to be seen by a Doctor <u>However</u> Defendant Jeffries was the medical personnel who triaged the Plaintiffs Health care request form, but Plaintiff was not seen by a medical Provider concerning the Plaintiffs Hernia until June 28, 2007, which was ten days after the Plaintiff submitted a Health care request form. Thus had the Plaintiff been scheduled and seen by a medical provider within 72 hours after receipt of Plaintiffs health care request form, the hernia might have been able to be reduced at that time <u>However</u> it took 10 days which caused unneccessary and wanto infliction of pain and violated the Eighth Amendment Right.

(7)

4. Defendant Jeffries acted with deliberate indifference to the plaintiffs serious medical needs which constitute the deliberate indifference by Delaying treatment, and interfearing with access to treatment which caused unnecessary and wanton infliction of pain that Violates the Eighth Amendment Right.

5. The Defendant acted with a culpable state of mind by putting the Plaintiffs Health Care request forms on the back burner. The Defendant knew what he was doing was wrong and by doing so this caused the unneccessary and wanton infliction of pain to the Plaintff

1. Count III: Defendant Dr. Tubbs had been treating the Plaintiff for a Hernia Condition from appoximately from the year of 2006 until year of June 28, 2007 However Defendant had been treating the Plaintiff for what he called a "Hyanal Hernia" when in fact the defendant demonstrated deliberate indifference by failing to investigate enough to make an informed Judgment and deliberate indifference by interfearing with access to treatment which caused unneccessary and wanton infliction of pain and violates the Eighth Amendment Right.

~~Plaintiff States the following in support:~~

2. Some time in the year of April of 2006 the plaintiff had a conversation with Defendant Dr. Tubb in the lone-peak medical room and at that time the Defendant exsplained to the Plaintiff that he had a condition called a Hyanal Hernia

(8)

and because of this condition the Plaintiff was experiencing acid reflux. However the defendant had never wrote in the Plaintiffs medical file of what "he" dianosed as the Plaintiff having a "hyanal Hernia." The defendant also came to the concluison the Plaintiff did not need to be seen by a specialist to find out what kind of hernia the plaintiff had, instead the defendant gave the Plaintiff another medication to stop the plaintiffs acid reflux. Subequently on June 28, 2007 when the Plaintiff had to be taken to the infirmary to be seen by the defendant Dr. Tubbs because the Plaintiffs hernia had turned hard. The Defendant Dr Tubbs had the Plaintiff immediately rushed to the university of Utah medical center Emergency room. At which time the Emergency room Doctors asked the Plaintiff, How long had he been in this condition of his hernia being hard and exposed outside of the abdomen wall. The Plaintiff responded ten day. This caused the Plaintiff, caused the unneccessary and wanton infliction of pain

3. The Plaintiff had NO documention on his hernia condition because defendant felt the Plaintiff did not need to be see by a specialist. Subsequently the plaintiff had to under go a C.T. scan to determine what kind of hernia the Plaintiff had, which was determined that the Plaintiff had a left ventral hernia with an obstruction and the only option the plaintiff had was surgery, because the obstructing tissue had died because it was exposed outside the abdomen wall to long which caused the Plaintiff the unneccessary and wanton infliction of pain.

4. Defendant Dr. Tubbs act with deliberate indifference to the Plaintiffs serious medical need which constitutes

(9)

deliberate indifference by failing to investigate enough to make an informed judgment and interfearing with access to treatment. The defendant acted with a culpable state of mind because the defendant knew by not having the Plaintiff be seen by a specialist was wrong. However the defendant disregarded the Plaintiff's medical condition which caused the Plantiff, unneccessary and wanton infliction of pain and violates the Eighth Amendment Right.

### D. INJURY

1. Plaintiff seeks compensatory damages for the loss of privileges, and quality of life in his prison living conditions, and loss of the limited liberty enjoyed by prisoners, resulting from the medical department deliberate and intentionally denying of medical treatment, and medication which caused the unneccessary and wanton infliction of pain and deprived him of the ability to work, attend educational and vocational programs, watch television, associate with other prisoners, attend outdoor recreation in a congregate setting with the ability to engage in sports and other congregate recreational activities, attend meals with other prisoner's, attend religious services, and ingage in physicial excerise.

2. Plaintiff in addition seeks compensatory damages for the mental and emotional distress resulting from the Plaintiff pain and suffering, which was cause by the Defendants arbitrary and irrational treatment due to the fact the Defendants failed to follow their own policys and procedures, which caused unneccessary and wanton infliction of pain

(10)

3. Plaintiff seeks punitive damages against defendants) Doctor Garden, Richard, Doctor Tubbs, Kennon, and Physician Assistant P.A. Jeffries in their individual capacites for their willful and malicious Coonduct, that involved "reckless or callous indifference" by violating their own Policys, Rules and Regulation, Due to the Defendants actions Plaintiff has been subjected to cruel and unusual punishment, and is entitled to punitive damages.

## PREVIOUS LAWSUITS BY PLAINTIFF

1. Plaintiff has not filed any other lawsuits in state or federal Court dealing with the same facts involved in this action

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

2. Plaintiff has previously sought informal or formal relief from the appropriate administrative officals regarding the acts complained of herein as follows:

A. Missing medication Grievances: (EXHIBIT A)

1. June 7, 2007, Level "one" grievance filed for missing medications no response, allowed to go to next level by policy and procedure

(11)

2. July 7, 2007 Filed level two(2) grievance concerning missing medication
3. July 10, 2007 received response to level one(1) grievance stating medical dep't could not determine which medication on the medication plaintiff was referring to in grievance.
4. August 3, 2007 plaintiff filed level three(3) grievance concerning missing medication
5. October 29, 2007 received level two(2) response stating not enough information to determin which what medication was in question
6. December 7, 2007 level three(3) response upholding level one(1) and level two(2) decision  <u>No</u> relief for plaintiff

B. Deliberate Indifference to medical needs (EXHIBIT B)

1. Medical custody interface FDr.18 sick-call procedures.
2. Plaintiffs inmate Account transaction History from 10-1-2007 to 4-10-2008
3. July 2, 2007, level one(1) grievance Filed for lack of medical care no response went to next level by policy and procedure.
4. August 3, 2007 filed level two(2) grievance
5. Inmate grievance procedure
6. August 13, 2007 Problem grievance form returning plaintiffs level two(2) grievance.
7. August 21, 2007 response to level one(1) grievance stating (HCR) are processed promptly

8. October 7, 2007, level two(2) grievance resubmitted
9. October 25, 2007, level two(2) response stating plaintiff (HCR) did not have the word Emergency written on it.
10. October 27, 2007, level level three(3) appeal filed.
11. November 30 2007 response to level three(3) stating Dr Tubbs entered the diagnosis in record. No relief for plaintiff

### E. REQUEST FOR RELIEF

WHEREFORE, Plaintiff, DeRoyale ArDeane Johnson prays that the Honorable Court will grant him a trial by jury in which a judgment will be found in his favor and damage in his favor against all defendants in their individual capacity in an amount sufficient to compensate him for the physical pain and mental and Emotional anguish suffered by him due to the deliberate indifference and intentional misconduct of the defendants, but in no event less than $350,000.00, together with his attorney's fees and cost and such additional relief as the jury and court may deem just and proper.

Respectfully submitted.

_DeRoyale A. Johnson_
DeRoyale ArDeane Johnson plaintiff

(13)

_____

_____

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint, and that the information contained therein is true and correct. 28 U.S.C. §1746; 18 U.S.C §1621.

Executed at <u>Salt lake Co. Jail</u> on <u>July 1st</u> 20<u>11</u>.
              (Location)               (Date)

_LeRayal A Johnson_
Signature