IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| DEROYALE ARDEANE JOHNSON,<br><br>        Plaintiff,<br><br>   v.<br><br>KENNON TUBBS et al.,<br><br>        Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:11-CV-641 DB<br><br>District Judge Dee Benson |

Plaintiff, inmate DeRoyale ArDeane Johnson, filed this *pro se* civil rights suit under 42 U.S.C. § 1983. *See* 42 U.S.C.S. § 1983 (2013). Plaintiff was allowed to proceed *in forma pauperis*. *See* 28 *id*. § 1915. Before the Court is Defendants' Motion to Dismiss for Failure to State a Claim. (Doc. No. 25.)

## I. Introduction

Plaintiff's Complaint alleges cruel and unusual punishment under the Eighth Amendment based on Defendants' alleged denial of medications and failure to provide adequate medical treatment for a hernia Plaintiff suffered while in the custody of the Utah Department of Corrections (UDC). The Complaint names as defendants in their individual capacities Dr. Richard Garden, Director of medical services for UDC; Dr. Kennon Tubbs, a physician with UDC; and, P.A. Jeffries, a Physician's Assistant involved with Plaintiff's care. Plaintiff seeks compensatory damages, attorney fees and costs.

Defendants move to dismiss Plaintiff's Complaint as untimely under the applicable

statute of limitations.  Defendants further assert that Plaintiff's allegations fail to state a viable claim for relief under Section 1983, and that they are entitled to qualified immunity from Plaintiff's damages claims.

## II.  Legal Standard

A motion to dismiss under Rule 12(b)(6) requires the court to decide whether the factual allegations made in the complaint, if true, would entitle the plaintiff to some sort of legal remedy. To state a viable claim "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007)).  "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007).  Or, in other words, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id*. Additionally, "the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for [his] claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  The "requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

When deciding a motion to dismiss the court must accept all well-plead facts as true and draw reasonable inferences from those facts in favor of the non-moving party. *Ridge at Red*

*Hawk, L.L.C.*, 493 F.3d at 1177.  However, legal conclusions, deductions, and opinions couched as facts are not presumed to be true, and the court must disregard conclusory allegations without supporting factual averments.  *See, e.g., Erikson v. Pawnee County Bd. of County Comm.*, 263 F.3d 1151, 1154-55 (10th Cir. 2001).  When a civil rights complaint contains only "bare assertions" involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the court considers those assertions conclusory and does not afford them the presumption of truth.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 554-55).

### III.  Plaintiff's Allegations

1. Plaintiff is currently an inmate who resides at the Salt Lake County jail.  (Compl. at 1.)

2. Defendant Dr. Garden is the head of the medical review board and is in charge of the medical department at the Utah Department of Corrections (UDC).  (Id.)

3. Defendant P.A. Jeffries was responsible for screening Plaintiff's health care request forms (HCRs) or inmate care requests (ICRs).  (Id. at 3.)

4. Defendant Dr. Tubbs, was made aware of Plaintiff's medical condition of a hernia when Plaintiff was incarcerated at the Utah State Prison.  (Id.)

5. The UDC Medical Department, medical review board, reached the decision that Plaintiff's hernia was not severe enough for Plaintiff be seen by a specialist, and Plaintiff was treated for his hernia related symptoms –chiefly acid reflux–with medication including Prilosec and cinaminadine (sic).  (Id. at 4.)

6.      On May 2, 2007, Plaintiff's housing assignment changed at UDC. Plaintiff's medication, Gabapentin, was confiscated from his cell and returned to the medical department to be dispersed at pill-line. Defendant was told at pill-line that he would have to wait for the pharmacy to refill another blister packet. (Id. at 5.)

7.      Plaintiff waited approximately six days until the refill blister packet was dispensed by the pharmacy. (Id. at 4.)

8.      On or about May 8, 2007, Plaintiff began receiving Gabapentin again. During the month of May and June 2007 Plaintiff went two days and then five days without receiving Gabapentin due to alleged expiration and renewal problems with the prescription. (Id. at 6.)

9.      Plaintiff allegedly submitted HCRs on May 10, 2007, May 23, 2007, and May 31, 2007, and was seen by UDC medical staff on May 31, 2007. Plaintiff does not specifically state why he submitted these HCRs. (Id. at 7.)

10.      On or about June 19, 2007, Plaintiff submitted an HCR asking to see a doctor and stating that his hernia was causing severe pain when he sat down and stood up. (Id. at 7.) Defendant P.A. Jeffries was the person who reviewed the HCR and, following standard non-emergency HCR protocol, saw Plaintiff regarding his hernia on June 28, 2007. (Id.)

11.      During P.A. Jeffries' examination of Plaintiff in his cell on June 28, 2007, Jeffries observed that Plaintiff's hernia had turned hard. (Id. at 9.) Based on this observation Plaintiff was immediately sent to the Wasatch Medical Unit infirmary to be further examined by Dr. Tubbs, who had treated Plaintiff for his hiatal hernia since 2005. (Id. at 8.)

12.      Dr. Tubbs ordered that Plaintiff be taken directly to the University of Utah

Medical Center (UUMC) for further treatment.  (Id. at 9.)

      13.     At UUMC Plaintiff underwent a C.T. scan which showed that he had a left ventral hernia with an obstruction.  Plaintiff received immediate surgery to repair the hernia.  (Id.)

      14.     Plaintiff subsequently filed prison grievances regarding the denial of medications during May and June 2007 and the allegedly inadequate hernia diagnosis and treatment leading up to the surgery on June 28, 2007.  Plaintiff's grievance remedies regarding the hernia treatment were exhausted in November 2007, and the medication grievances were exhausted in December 2007.  (Id. at 12.)

## IV.  Statute of Limitations

Claims under 42 U.S.C. § 1983 have a statute of limitations equal to the "personal injury statute of the state in which the federal district court sits." *Mondragon v. Thompson*, 519F.3d 1078, 1082 (10th Cir. 2008).  It is well-settled that in Utah such claims are subject to the four-year residual statute of limitations found in Section 78B-2-307 of the Utah Code.  Utah Code Ann. § 78B-2-307 (West 2013); *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995).  Although the limitations period is based on state law, federal law determines when a cause of action accrues and when the limitations period starts to run.  *Mondragon*, 519 F.3d at 1082.  The Tenth Circuit has held that claims accrue when "the facts that would support a cause of action are or should be apparent." *Fratus*, 49 F.3d at 675 (citations and quotations omitted).

Defendants assert that Plaintiff's claims are barred under the applicable statute of limitations because they accrued more than four years before Plaintiff brought this suit. Defendants contend that Plaintiff's claims regarding denial of medications accrued during May

and June 2011, when the denials allegedly occurred; and, that any claims related to treatment of Plaintiff's hernia accrued no later than June 28, 2007, when Plaintiff underwent surgery. The record shows that Plaintiff's Complaint was signed on July 1, 2011, postmarked July 7, 2011, and was received by the Court the following day.[1]  Thus, absent tolling, Plaintiff's claims were not timely filed.

Plaintiff does not dispute that his claims accrued no later than June 28, 2007, and that his Complaint cannot be deemed to have been filed prior to July 1, 2011.[2]  (Pl.'s Resp. Mot. Dismiss (Doc. No. 28), at 2.)  Plaintiff's only argument against dismissal is that because he was required under the Prisoner Litigation Reform Act to exhaust all available administrative remedies prior to filing suit, the limitation period should be tolled during the pendency of his prison grievances. However, Plaintiff has not offered any legal support for this argument.  In fact, as recently as last year the Tenth Circuit expressly rejected this position, holding that exhaustion of administrative remedies does not toll a statute of limitations.  *See Jackson v. Standifird*, No. 11-5126, 463 Fed. Appx. 736, 738, 2012 WL 29053, at **2 (10th Cir. Jan. 6, 2012) (unpublished) (affirming district court's rejection of plaintiff's claim that the statute of limitations was tolled while he exhausted administrative remedies).  Thus, Plaintiff's tolling argument based on the

---

[1] Due to processing of Plaintiff's motion to proceed *in forma pauperis*, the Complaint was not filed until July 18, 2011.  However, the delay between receipt and filing has no bearing on the timeliness of Plaintiff's suit.

[2] Even under the "prison mailbox rule," which provides that *pro se* prisoner's pleadings are deemed filed when delivered to prison officials for forwarding to the district court, *see Houston v. Lack*, 487 U.S. 266, 276, 108 S. Ct. 2379, 2385 (1988), Plaintiff's Complaint could not be considered filed prior to July 1, 2011, the date on which he signed the document.

administrative exhaustion requirement is unavailing.

In the absence of any other argument for tolling the limitations period on Plaintiff's claims the Court concludes that Plaintiff's Complaint must be dismissed for failure to comply with the applicable statute of limitations. Based on this conclusion the Court will not consider Defendants' additional grounds for dismissal.

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that:

(1) Defendants' Motion to Dismiss (Doc. No. 25) is **GRANTED**; and,

(2) this case is **CLOSED**.

DATED this 1st day of March, 2013.

BY THE COURT:

_____

DEE BENSON
United States District Judge